■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARRICK JOHN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Appelman, J.), rendered August 27, 1986, convicting him of robbery in the first degree, robbery in the second degree, and criminal possession of stolen property in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and identification testimony.

Ordered that the judgment is reversed, on the law and the facts, those branches of the defendant's omnibus motion which were to suppress physical evidence and testimony regarding the lineup identification are granted, and a new trial is ordered, prior to which a hearing shall be held to determine whether there is an independent source for the complainant's in-court identification of the defendant.

The evidence adduced at the hearing established that at approximately 11:30 A.M. on June 18, 1985, the arresting officer received a radio transmission indicating suspicious activity by 2 or 3 black men in and around a 1983 Cadillac sedan parked in front of 178 Rockaway Parkway in Brooklyn. Upon arriving at the scene, the officer approached three black men who were exiting the Rockaway Parkway address. The three men ran back into the building and the officer gave chase. He grabbed one of the men, the defendant, and when the defendant successfully jumped from a window, the officer was left holding his jacket, which contained keys to the

Cadillac and a gun. The defendant was subsequently arrested and placed in a lineup, where he was identified by the owner of the Cadillac as one of the men who had robbed him the day before.

Based upon the foregoing, we conclude that at the time he approached the defendant and his companions, the arresting officer lacked probable cause to believe that the defendant had committed, was committing or was about to commit a crime. Thus, the officer's conduct in pursuing the defendant was illegal (see, People v Howard, 50 NY2d 583, cert denied 449 US 1023; see also, People v Carney, 58 NY2d 51), and the evidence obtained as a result of that illegal conduct, i.e., the car keys, the gun and the lineup identification, must be suppressed (see, People v Dodt, 61 NY2d 408, 416-417; cf., People v Pleasant, 54 NY2d 972, cert denied 455 US 924). Given the testimony at the trial regarding the evidence seized and the lineup identification, there must be a new trial (see, People v Dodt, supra). Prior to the new trial, a hearing shall be held concerning whether the complainant's in-court identification proceeds from a source independent of the illegal police conduct (see, United States v Crews, 445 US 463; People v Dodt, supra, at 417; People v Pleasant, 54 NY2d 972, supra).

In light of the foregoing, we need not reach the remaining issues raised by the defendant. Brown, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.