■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLEVELAND KIMBLE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Pitaro, J.), rendered July 11, 1985, convicting him of criminal possession of a controlled substance in the fourth degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial of that branch of the defendant's omnibus motion which was to suppress physical evidence and statements made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

Contrary to the defendant's position, he was not deprived of meaningful representation by trial counsel (see, People v Baldi, 54 NY2d 137). The record reflects that defendant's trial counsel adequately represented him at the suppression hearing, during the plea proceedings, and at the sentencing. Significantly, at no point during counsel's representation did the defendant register an objection to his performance and, in fact, the defendant received a beneficial sentence at counsel's behest. Moreover, many of the matters upon which the defendant relies in attacking the adequacy of his trial counsel are dehors the record and, thus are not properly before this court on direct appeal from the judgment of conviction (see, People v Ramos, 63 NY2d 640; People v Williams, 130 AD2d 788).

Furthermore, the defendant's challenge to the adequacy of

the plea allocution is not preserved for appellate review since he never moved to withdraw his guilty plea at any time prior to sentencing (see, People v Pellegrino, 60 NY2d 636). In any event, the allocution clearly satisfied the requirements of People v Harris (61 NY2d 9) and, contrary to the defendant's contention, he expressly acknowledged that he knowingly possessed the heroin in question (see, Penal Law § 220.34).

The defendant's challenge to the propriety of the hearing court's suppression ruling is similarly without merit. We conclude that based on the evidence adduced at the suppression hearing, the police officers, who were responding to a radio transmission indicating that two black males in Lincoln Park were selling drugs, acted reasonably in briefly detaining the defendant when he attempted to flee the scene and in forcing him to remove his hands from his jacket pockets. The officers' actions were justified, particularly in view of the facts that the defendant and his companion fit the description of the alleged drug sellers provided in the radio call, that they were in a "drug prone" location late at night and that the officers were reasonably in fear of their safety (see, People v Salaman, 71 NY2d 869; cf., People v John, 151 AD2d 609).

Finally, we find that the sentence imposed was neither harsh nor excessive under the circumstances of this case (see, People v Suitte, 90 AD2d 80) and, in any event, was specifically negotiated for by the defendant (see, People v Kazepis, 101 AD2d 816). Rubin, J. P., Spatt, Harwood and Rosenblatt, JJ., concur.