■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
VINCENT GETHERS, Appellant. [615 NYS2d 365] —Judgment, Su-
preme Court, New York County (Harold Rothwax, J., at
hearing; Felice K. Shea, J., at trial and sentence), rendered
January 28, 1992, convicting the defendant, after a jury trial,
of criminal sale of a controlled substance in the third degree,
and sentencing him to an indeterminate term of 5½ to 11
years imprisonment, unanimously reversed, on the law, and a
new trial ordered, to be preceded by an independent source
hearing on the admissibility of the undercover officer's in-
court identification testimony.

On September 5, 1990 Police Officer Jerome Bell was work-
ing as back-up to Detective Elizabeth Rye, who was working
undercover in a narcotics "buy and bust" operation in the
vicinity of 44th Street and Eighth Avenue in Manhattan. At
about 4:05 A.M. Officer Bell received a radio transmission from
Detective Rye reporting a drug buy and a description of the
two sellers. At a hearing to suppress physical evidence and
identification testimony, Bell was unable to recall the descrip-
tions of the sellers that he received, but testified as to the
descriptions after refreshing his recollection with a police
report. Bell testified at the hearing that five minutes after he
received the radio transmission he arrived at the reported buy
location, 42nd Street and Eighth Avenue, saw two men who fit
the descriptions given, and arrested them. He then walked the
arrested men to 44th Street and Eighth Avenue and displayed
them for a confirmatory drive-by showup identification by
Detective Rye.

Shortly after the hearing court rendered a decision from the
bench denying suppression, the prosecutor notified the court
that Officer Bell had advised him that upon reflection, he
realized that he had testified incorrectly about the location at
which he had arrested the defendant. Officer Bell was re-
called, and testified to his revised recollection of the circum-
stances surrounding the arrest. He was again unable to re-
count the descriptions transmitted by the undercover detective
without referring to his notes. The hearing court ruled that
although he believed Officer Bell was testifying honestly, he
believed Bell's recollection was neither clear nor reliable, and
accordingly that the physical evidence recovered from the
defendant should be suppressed. The indictment was dismissed
because the officer had also testified inaccurately, although
unintentionally, before the Grand Jury. The court granted the
People leave to re-present the sale count only.

The Grand Jury reconvened and indicted the defendant again for criminal sale of a controlled substance in the third degree, but not for possession as in the original indictment. The defendant was convicted upon Officer Bell's revised testimony regarding the arrest, and Detective Rye's testimony regarding the drive-by identification as well as her recollection that defendant had sold her the four vials of crack cocaine.

The defendant's conviction must be reversed. We recognize that ordinarily a trained undercover officer's confirmatory identification of an accused within hours of a narcotics purchase does not require a *Wade* hearing *(People v Wharton,* 74 NY2d 921; *compare, People v Gordon,* 76 NY2d 595, 600). However, Detective Rye's drive-by identification of the defendant minutes after the alleged sale of drugs was the fruit of an illegal arrest, and therefore should have been suppressed upon defendant's motion *(People v Dodt,* 61 NY2d 408, 417; *People v Walker,* 198 AD2d 826; *People v Simpson,* 174 AD2d 348, 351; *People v John,* 151 AD2d 609, 610). Since Detective Rye did not testify at the suppression hearing involving identification, there was no basis for the court's determining whether her in-court identification had a source independent of the drive-by identification which was the fruit of the illegal arrest *(People v Riley,* 70 NY2d 523, 531-532). The defendant was entitled to a pretrial independent source hearing wherein the court could determine if the undercover detective's identification of the defendant was independent of her tainted drive-by confirmatory identification *(People v Burts,* 78 NY2d 20, 23-24). Concur—Murphy, P. J., Carro, Wallach, Asch and Tom, JJ.