■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TEDDY PORTER, Appellant. [621 NYS2d 2] —Judgment, Supreme Court, New York County (Mary McGowan Davis, J.), rendered January 20, 1993, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a predicate felony offender, to an indeterminate term of from 4½ to 9 years imprisonment, unanimously reversed, on the law, and a new trial ordered, to be preceded by an independent source hearing on the admissibility of the undercover officer's in-court identification testimony.

At the end of the suppression hearing, Criminal Term found that there was no probable cause for the backup police officer to arrest defendant because the officer, when testifying at the hearing, could not recall the description of the perpetrator radioed to him by the undercover officer. The court therefore suppressed the confirmatory drive-by identification made by the undercover officer as being the fruit of an illegal arrest. However, over defense counsel's objection, the court ruled that the undercover officer's in-court identification would be allowed without a demonstration that he had an independent source, aside from the tainted confirmatory drive-by, for such identification.

Under *People v Gethers* (207 AD2d 260, *lv granted* 84 NY2d 935 [Simons, J.]), since there is no basis in the suppression hearing testimony for the court to determine whether the undercover officer's in-court identification had a source independent of the drive-by identification that was the fruit of an illegal arrest, the defendant is entitled to a pretrial hearing to determine whether such an independent source exists *(People v Burts,* 78 NY2d 20, 23-24). Concur—Ellerin, J. P., Kupferman, Asch, Nardelli and Tom, JJ.