OPINION OF THE COURT
 

 Levine, J.
 

 After purchasing cocaine during a "buy and bust” operation in Manhattan, undercover Detective Elizabeth Rye transmitted a description of the two sellers to an Officer Bell who located and arrested defendant and another man. Immediately after the arrest, Bell walked the two men to a street corner where defendant’s identity as one of the sellers was confirmed in a drive-by identification by Detective Rye.
 

 A pretrial suppression hearing was held at which the People failed to establish probable cause to arrest because of Bell’s inability to recall accurately the description of the sellers he received from the undercover officer and the location of the drive-by identification. Notably, Detective Rye did not testify at the hearing. The hearing court ruled, as a result, that all physical evidence seized from defendant was inadmissible fruit of the illegal arrest. However, it denied the motion to suppress the identification evidence. Thus, Detective Rye’s on-the-scene confirmatory identification was admitted into evidence at trial, and she also identified defendant in court.
 

 Defendant was found guilty of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]). He appealed his conviction to the Appellate Division, which reversed and ordered a new trial to be preceded by an independent source hearing on the admissibility of Detective Rye’s in-court identification (207 AD2d 260). The Court reasoned that Detective Rye’s confirmatory identification was a product of the illegal seizure, tainted as a matter of law by the illegality. A Judge of this Court granted the People leave to appeal, and we now affirm.
 

 The primary issue before us is whether Detective Rye’s on-the-scene confirmatory identification must be suppressed as a product of the illegal arrest. Generally, when the police have
 
 *162
 
 acted illegally, evidence which " 'has been come at by exploitation of that illegality’ ” should be suppressed
 
 (Wong Sun v United States,
 
 371 US 471, 488;
 
 see, People v Arnau,
 
 58 NY2d 27, 32,
 
 cert denied
 
 468 US 1217;
 
 People v Boodle,
 
 47 NY2d 398, 402,
 
 cert denied
 
 444 US 969). There are, however, three commonly advanced exceptions to this general rule — the independent source, inevitable discovery, and attenuation doctrines
 
 (see, United States v Crews,
 
 445 US 463, 470).
 

 In this case, we conclude that none of the exceptions is applicable, and the general rule controls: the identification of defendant, made by Officer Rye immediately following the illegal arrest and detention of defendant, was a product of the illegality and, therefore, should have been suppressed
 
 (see, People v Dodt,
 
 61 NY2d 408, 417;
 
 People v Brnja,
 
 50 NY2d 366, 369, n 1;
 
 United States v Crews, supra,
 
 at 472, 477). The causal link between the arrest and identification is obvious and unattenuated — the illegal seizure and detention of defendant not only made the identification possible, but was done for the purpose of displaying him to the undercover officer and thereby securing a pretrial identification to be used at the trial to bolster her in-court identification
 
 (see generally,
 
 4 LaFave, Search and Seizure § 11.4 [g] [2d ed];
 
 see also, People v Dodt, supra,
 
 at 417). That the confirmatory viewing also had the purpose of assuring that the police had apprehended the right person does not, as the People argue, dissipate the taint of the illegality. Most out-of-court identifications, including the lineup identification suppressed in
 
 People v Dodt (supra),
 
 are useful in identical ways to law enforcement.
 

 Nor does our decision in
 
 People v Wharton
 
 (74 NY2d 921) compel admissibility of the identification testimony. Although
 
 Wharton
 
 and this case arise from a similar set of facts — i.e., they both involve confirmatory identifications made by trained police officers who had recently purchased drugs in the course of a "buy and bust” operation — they differ in a significant respect.
 
 Wharton
 
 involved the suggestiveness of the identification procedure, a due process issue. The issue here is whether an identification of defendant is a product of an illegal seizure (US Const 4th Amend; NY Const, art I, § 12). Thus, the cases are clearly distinguishable.
 

 Moreover, the
 
 Wharton
 
 rationale is inapplicable to this case. In
 
 Wharton,
 
 we held that a pretrial
 
 Wade
 
 hearing on the possible suggestiveness of a confirmatory identification procedure was unnecessary where the identification was made by a
 
 *163
 
 trained police officer in a buy and bust operation
 
 (id.,
 
 at 922). We reasoned that because the "trained narcotics officer’s * * * participation in the criminal apprehension operation at issue was planned, and he was experienced and expected to observe carefully the defendant for purposes of later identification and for completion of his official duties”
 
 (id.),
 
 the "viewing in this standard police operational procedure was not the kind of per se suggestive or improper bolstering present in show-up identifications by civilian witnesses”
 
 (id.,
 
 at 923). Those factors which influenced our decision in
 
 Wharton
 
 — the nature of a police officer’s duties, special training and experience — simply have no relevance in a determination of whether an identification is the product of an illegal arrest, a determination wholly dependent on the causal relationship between the arrest and the identification. Thus, an identification derived from exploitation of an illegal arrest is equally tainted whether made by a trained officer or a lay person. The People’s remaining arguments for admissibility of Rye’s on-the-scene confirmatory identification are equally without merit.
 

 Detective Rye’s in-court identification of defendant was "also improperly admitted as there was no evidence at the suppression hearing of an independent source”
 
 (People v James,
 
 67 NY2d 662, 664;
 
 see also, People v Riley,
 
 70 NY2d 523, 525;
 
 People v Dodt, supra,
 
 at 417) upon which the hearing court could rely to find that the in-court identification was " 'come at by * * * means sufficiently distinguishable to be purged of the primary taint’ ”
 
 (Wong Sun v United States,
 
 371 US, at 488,
 
 supra; see also, United States v Crews,
 
 445 US 463,
 
 supra).
 
 And although the detective’s status as a trained observer may be relevant to an independent source determination, that status must be established at a pretrial hearing, rather than inferred from evidence adduced at trial
 
 (see, People v Dodt, supra,
 
 at 417), and does not, in and of itself, constitute an independent source. Moreover, the erroneous admission of the identification evidence cannot be deemed harmless error as it was used to bolster the People’s case, which hinged on identification of defendant
 
 (see, id.; People v Crimmins,
 
 36 NY2d 230). Thus, the Appellate Division correctly determined that there should be a new trial preceded by an independent source hearing.
 

 
 *164
 
 Accordingly, the order of the Appellate Division should be affirmed.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith and Ciparick concur.
 

 Order affirmed.