OPINION OF THE COURT
Sheryl L. Parker, J.
Defendant, Shamail Rizwan, stands charged with aggravated unlicensed operation of a motor vehicle in the second degree (Vehicle and Traffic Law § 511 [2] [a] [iv]). By way of an omnibus motion, defendant moves for various forms of relief.
MOTION TO SUPPRESS PHYSICAL AND STATEMENT EVIDENCE
Defendant moves for a Dunaway/Huntley/Mapp hearing seeking the suppression of statements and evidence obtained *987 in violation of his constitutional rights. Among the items defendant seeks to suppress are his Department of Motor Vehicles (DMV) records which evidence his driving license suspensions. The People oppose defendant’s motion on the ground that they do not intend to introduce physical evidence.* For the reasons set forth below, defendant’s motion for a Dunaway/Huntley/Mapp hearing is granted.
Although factually sparse, the accusatory instrument alleges that defendant was observed operating a motor vehicle. An examination of the DMV records by the arresting officer revealed six prior license suspensions. In his motion papers, defendant asserts that he was stopped while in his car despite having committed no traffic infraction which would justify such a stop. It is axiomatic that a citizen has a Fourth Amendment right to be free from unreasonable search and seizures when travelling by automobile. (Delaware v Prouse, 440 US 648 [1979]; People v Spencer, 84 NY2d 749 [1995]; People v May, 81 NY2d 725 [1992]; People v Ingle, 36 NY2d 413 [1975].) As such, defendant has standing to contest the legality of the stop of his car.
Evidence obtained as a direct result of an unlawful seizure is subject to suppression as a "fruit” of the underlying illegality, unless the recovered evidence is sufficiently attenuated from the prohibited police conduct, thus dissipating the taint of illegality. (New York v Harris, 495 US 14 [1990], on remand 77 NY2d 434 [1991]; Dunaway v New York, 442 US 200 [1979]; Wong Sun v United States, 371 US 471 [1963].) The exclusionary rule applies whether evidence, which is deemed "fruit” of an unlawful search and seizure, is characterized as tangible or intangible evidence. (Wong Sun v United States, supra, at 485-486 [statements]; Dunaway v New York, supra [statements]; People v Rossi, 80 NY2d 952 [1992], rearg denied 81 NY2d 835 [1993] [observations]; People v Dory, 59 NY2d 121 [1983] [observations]; People v Young, 55 NY2d 419 [1982], cert denied 459 US 848 [1982] [observations]; People v Akwa, 151 Misc 2d 106 [Sup Ct, Kings County 1991] [observations of defendants in a stolen vehicle].) Thus, the People’s contention that the DMV records are not physical evidence and, hence, not subject to suppression is of no avail in their opposition to defendant’s motion for a hearing. (People v Thomas, 164 Misc 2d 721 [Crim Ct, NY County 1995].)
*988 Nor is a denial of defendant’s motion for a hearing merited on the ground that the DMV records are public records in which defendant can claim no expectation of privacy. It is well settled that a defendant has no standing to oppose the introduction of public records into evidence, as no expectation of privacy exists in public documents. (People v Di Raffaele, 55 NY2d 234 [1982] [telephone records]; People v Orzel, 192 AD2d 818 [3d Dept 1993] [telephone records]; People v Doe, 96 AD2d 1018 [1st Dept 1983] [bank records].) Here, however, the DMV records are, arguably, subject to suppression as "fruits” of an unlawful seizure.
The law imposes no requirement that a defendant establish an expectation of privacy in evidence deemed "fruit” of a government illegality. In People v May (supra) defendant, the thief of a stolen car, moved to suppress, inter alla, postarrest photographs taken of the stolen car. The Court held that "despite the fact that defendant was seated in a stolen car, the police stopped him personally and he consequently ha[d] standing to challenge the legality of the stop.” (Supra, at 727.) After finding that defendant was stopped illegally, the Court suppressed the photographs pursuant to Wong Sun v United States (supra) and People v Ingle (supra). Similarly, the Court in People v Gittens (110 AD2d 908 [2d Dept 1985]) found the lower court erred in denying defendant’s motion to suppress for lack of standing, stating: "Because his possession is wrongful, a thief driving a stolen car lacks standing to challenge a search of the vehicle. Nonetheless, the wrongful possession does not vitiate standing that the thief otherwise has. Accordingly, he is still entitled to challenge unlawful interference with his person and thus may challenge a search of the car as the fruit of an illegal arrest.” (See also, People v Millan, 69 NY2d 514 [1987] [passenger in taxicab has standing to contest stop of cab and corresponding right to seek suppression of gun found in passenger compartment as a product of the illegal stop]; People v Knapp, 113 AD2d 154 [3d Dept 1985], cert denied 479 US 844 [1986] [although Court held evidence of a murder victim’s body and police observations thereof were not suppressible as products of the initial illegality because discovery of the body was attenuated from any policy illegality, defendant’s claim was not rejected for lack of standing]; People v Curatolo, 76 AD2d 524 [2d Dept 1980] [abandoned license plates discovered in the waters of the Mill Basin properly suppressed as fruit of an illegal confession].) Thus, defendant need not establish an expectation of privacy in evidence *989 classified as "fruit” of an unlawful search and seizure, provided he has an expectation of privacy in the seizure that directly led to the "fruit”. Whether the DMV records in this case will be deemed inadmissible as the product of an illegal seizure or whether, although deemed such, their discovery was sufficiently attenuated from the underlying illegality and, thus, admissible, is a decision left for the trier of fact at the suppression hearing. However, a hearing to determine these issues, as well as the legality of the stop itself, is merited.
Further, comment is merited with respect to one final point. While defendant moves to suppress evidence relating to his identity, the situation herein differs from the case in which a defendant moves to suppress his physical self as a result of an illegal seizure. A defendant cannot move to suppress himself as a "fruit” of an unlawful arrest. (United States v Crews, 445 US 463 [1980]; Kamins, New York Search and Seizure, at 15 [1995].) As a defendant himself has no inherent evidentiary value which establishes his commission of a crime, no basis for suppression exists. Here, although it is unclear at this stage of the proceedings how the arresting officer obtained defendant’s name, it is not his physical self that defendant seeks to suppress. Rather, defendant seeks suppression of the mechanism by which his identity was revealed, and which ultimately led to the discovery of the DMV records. This may have taken the form of a statement made by defendant revealing his name or perhaps by the production of an identification card. As this type of evidence is subject to suppression, a hearing is warranted.
For all the foregoing reasons, a Dunaway/Huntley/Mapp hearing is ordered.
MOTION TO PRECLUDE IDENTIFICATION EVIDENCE
Defendant’s motion to preclude the introduction of identification evidence based upon the People’s failure to provide timely notice pursuant to CPL 710.30 (1) (b) is granted. It is noted that the People indicate, in their response, that they do not intend to introduce identification evidence.
BILL OF PARTICULARS AND DISCOVERY
Defendant’s motion for a bill of particulars and for discovery is granted to the extent of the information provided by the People in their response. The People have acknowledged and are reminded of their continuing obligation under Brady v *990 Maryland (373 US 83 [1963]) to disclose exculpatory evidence to the defense.
The People’s request for reciprocal discovery is granted to the extent that the defense is directed to comply with the provisions of CPL 240.30 and 250.20.

SANDOVAL

All issues concerning the extent of cross-examination of defendant regarding prior bad acts, if any, should defendant elect to testify at trial, are referred to the Trial Judge for decision. (People v Sandoval, 34 NY2d 371 [1974].) Pursuant to CPL 240.43, the People are required to notify the defense prior to jury selection of all prior uncharged criminal, vicious or immoral acts of defendant the People intend to use at trial for the purpose of impeaching defendant.
MOTION TO RESERVE RIGHTS
Defendant’s application for an extension of the time within which to file additional motions is denied. If defendant can adequately demonstrate under CPL 255.20 (3) that additional motions should be permitted, defendant can apply to the court for leave to file those motions.

 Given their submission of the DMV records to corroborate the charge, it is clear, however, that the People intend to use the records to prove defendant’s six prior suspensions.