OPINION OF THE COURT
Robert M. Stolz, J.
Defendant Edwin Santiago is charged with aggravated unlicensed operation of a motor vehicle in the second degree (Vehicle and Traffic Law § 511 [2] [a] [iv]). By way of omnibus motion, defendant moves for various forms of relief.
Although factually sparse, the misdemeanor complaint in this case states that on November 28, 1995, defendant was observed operating a motor vehicle on a public highway. An examination of the records of the Department of Motor Vehicles (DMV) conducted by the arresting officer revealed that defendant’s driver’s license had been suspended nine times on three different dates and had not been reinstated.
MOTION TO DISMISS FOR FAILURE TO STATE AN ESSENTIAL ELEMENT
Defendant moves to dismiss on the ground that the People have failed to provide sufficient nonhearsay corroboration of defendant’s knowledge that his license was suspended, as required by Vehicle and Traffic Law § 511.
A jurisdictionally sufficient information must satisfy the statutory requirements of CPL 100.40 and 100.15 in that the totality of the allegations against the defendant must demonstrate reasonable cause to believe that the defendant committed a crime, and must recite a legally sufficient, or prima facie, case to support that belief. Nonhearsay factual allegations must support each element of the offense charged. (People v Alejandro, 70 NY2d 133 [1987]; People v Dumas, 68 NY2d 729; CPL 170.30, 170.35.)
*885 Vehicle and Traffic Law § 511 (1) (a) plainly states that one must "know [] or hav[e] reason to know that [his] license * * * is suspended, revoked or otherwise withdrawn by the commissioner” (emphasis added). Here, the complaint states that defendant’s license had been suspended nine times on three different occasions for failure to answer summonses. Moreover, the complaint recites that all such summonses have printed on them "if you do not answer this ticket by mail within fifteen (15) days your license will be suspended.” The court finds these allegations sufficient to support a finding that defendant had "reason to know” his license had been suspended.
Citing People v Isabel (NYLJ, May 7, 1993, at 26, col 5 [Crim Ct, NY County]), defendant argues that the complaint may not be deemed an information until the People submit three "corroborating documents”, of which the People have submitted only two. In Isabel, the People submitted only a copy of defendant’s DMV abstract, and the court held that additional nonhearsay evidence of defendant’s knowledge of suspension or revocation such as that set forth in Vehicle and Traffic Law § 214,* was required to establish the defendant’s knowledge of the suspension and convert the complaint into an information. (Supra, at 26, col 5.) The court in Isabel, however, did not address the question of whether the People had adduced sufficient evidence of the defendant’s "reason to know” of the suspension. As noted, the evidence recited above, particularly defendant’s receipt of numerous tickets, which advised him that failure to respond would result in license revocation, is sufficient to constitute prima facie nonhearsay proof of his "reason to know” that his license had been suspended. Accordingly, the accusatory instrument in this case is a sufficient information, and defendant’s motion to dismiss is denied.
*886 MOTION TO SUPPRESS PHYSICAL EVIDENCE
Defendant moves to suppress the DMV records retrieved by the arresting officer, claiming that they constitute the fruit of an unlawful seizure. He claims that, having committed no traffic infraction, he was illegally stopped and that the records should be suppressed as fruits of the illegal stop.
The People contend that nothing was seized from the defendant, and therefore no hearings are necessary to determine whether to suppress any of the People’s proof. The court disagrees. The court is not persuaded that, as a matter of law, the doctrine of "fruit of the poisonous tree” is inapplicable to preexisting DMV records, which were only accessed by obtaining the defendant’s identity through an allegedly illegal stop. To the contrary, that doctrine is not limited to suppression of physical tangible evidence but applies as well to evidence which flows from illegal seizures, such as verbal statements, identifications and testimony at trial as to matters observed during or resulting from the unlawful seizure. (See, People v Thomas, 164 Misc 2d 721, 724; see also, Wong Sun v United States, 371 US 471; People v May, 81 NY2d 725; People v Gethers, 86 NY2d 159 [1995]; People v Rossi, 80 NY2d 952 [1992]; People v Akwa, 151 Misc 2d 106 [Sup Ct, Kings County 1991]; cf., People v Dory, 59 NY2d 121 [1983].)
The People also argue that the DMV records are merely an extension of the discovery of defendant’s identity and are thus not suppressible. Again, the law is to the contrary. Thus, the Court of Appeals recently held in People v Gethers (supra) that an undercover officer’s confirmatory identification of a defendant is subject to suppression if it is the product of an illegal arrest. Similarly, in People v Rossi (supra) the Court found that the arresting officer’s testimony about defendant’s conduct, which connected him to the crime charged, was suppressible because the officer’s viewing of this conduct was the fruit of his concededly unlawful arrest. (See also, People v Akwa, supra [police testimony identifying defendants as being the individuals who were riding in a stolen car suppressible as fruit of an illegal stop]; cf., People v Dory, supra [observations made by arresting officer of the defendant’s conduct and drug paraphernalia suppressible as fruit of an illegal stop].) These courts have reasoned that, generally, when an officer has acted illegally, evidence retrieved through the exploitation of that illegality, including identification evidence and other observations, should be suppressed. Here, as in the cases cited above, the identification of the defendant by the arresting officer was *887 made immediately following the alleged illegal arrest and detention of defendant. Accordingly, the officer’s testimony regarding these observations may be subject to suppression as a product of the alleged illegality.
The court is aware of the line of Federal case law holding that the body or identity of an individual is not itself suppressible as fruit of an unlawful arrest, and that preexisting public records discovered through the exploitation of that information may not be subject to suppression. (See, Immigration & Naturalization Serv. v Lopez-Mendoza, 468 US 1032 [1984]; United States v Crews, 445 US 463 [1980]; United States v Guzman-Bruno, 27 F3d 420 [9th Cir 1994]; State v Ramos, 598 So 2d 267 [Fla 1992]; United States v Pineda-Chinchilla, 712 F2d 942 [5th Cir 1983]; United States v Arias, 678 F2d 1202 [4th Cir 1982]; Hoonsilapa v Immigration & Naturalization Serv., 575 F2d 735 [9th Cir 1978]; United States v Orozco-Rico, 589 F2d 433 [9th Cir 1979].) This court, however, does not find the holdings in those cases, many of which concern civil deportation proceedings, to be controlling here.
Finally, the People argue that defendant lacks standing to challenge the admissibility of the DMV records. Particularly, they contend that since the DMV records are public records, defendant has no legitimate expectation of privacy in them. This argument is unpersuasive. A defendant need not establish an expectation of privacy in evidence deemed "fruit” of an illegal search and seizure. (See, People v May, 81 NY2d 725 [1992]; People v Rizwan, 165 Misc 2d 985 [Crim Ct, NY County 1995].) Rather, a defendant’s right to challenge the admissibility of such evidence arises from the alleged violation of his rights by virtue of the unlawful stop or detention. (Supra.)
The court’s holding is not a finding that under all circumstances DMV records should be suppressed even if their retrieval follows upon an illegal stop. Suppression is not required, however, if the recovery of the evidence is sufficiently attenuated from the illegal police conduct, if its discovery was inevitable, or if it derived from an independent source. (See, People v Harris, 77 NY2d 434 [1991]; United States v Crews, 445 US 463 [1980], supra; Wong Sun v United States, supra; People v Gethers, supra; see also, People v Ramos, 206 AD2d 260 [1994]; People v Pleasant, 54 NY2d 972 [1981].)
Moreover, whether such suppression is required will depend upon whether the prophylactic purposes of the suppression rule, principally the deterrence of police illegality, would be served in this case. (See, United States v Calandra, 414 US 338 *888 [1974]; People v Young, 55 NY2d 419 [1982]; People v McGrath, 46 NY2d 12 [1978].) As the Court of Appeals stated in People v Young (supra, at 425) the exclusionary rule is not to be applied automatically whenever there has been a Fourth Amendment violation. Rather, "the application of the rule must be restricted to those areas where its remedial objectives are most 'efficaciously served’ and not merely 'tenuously demonstrable’ ”. (Supra.) In determining whether to suppresslvidence, a court must balance the societal cost of losing reliable and competent evidence against the need to vindicate Fourth Amendment principles. (Supra.) This balancing process is best informed by the creation of a full record at a hearing.
Accordingly, the court orders that a Mapp! Dunaway hearing be held. At such hearing a factual record may be developed which will establish, among other things, the method in which the Department of Motor Vehicles maintains its records and how they were accessed by the officers in this case. Such evidence may well bear upon the issue of attenuation.
MOTION TO SUPPRESS STATEMENTS
Defendant also seeks to suppress certain postarrest statements on the grounds that they were both involuntarily made and a product of an unlawful arrest. For the reasons stated above, a Dunaway hearing is ordered to determine whether defendant’s statements were the fruit of an unlawful arrest. A Huntley hearing is also ordered to determine the voluntariness of defendant’s postarrest statements. (CPL 710.60 [3]; 710.20.)
DEFENDANT'S REMAINING MOTION
Defendant’s motion for a bill of particulars and discovery is granted to the extent of the People’s voluntary disclosure provided in response to these motions, and the People’s request for reciprocal discovery is granted.
All other issues are reserved for decision by the trial court.

 Vehicle and Traffic Law § 214 provides that: "The production of a * * * notice or order issued by the department, together with an electronically-generated record of entry of such order or notice upon the appropriate driver’s license or registration file of the department and an affidavit by an employee designated by the commissioner as having responsibility for the issuance of such order or notice issued by the department setting forth the procedure for the issuance and the mailing of such notice or order shall be presumptive evidence that such notice of suspension, revocation or order was produced and mailed in accordance with such procedures. The foregoing procedure shall not preclude the use of an affidavit of service by mail, a certificate of mailing or proof of certified or registered mail as proof of mailing of any such order or notice.”