■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOMINICK CITRINITI, Appellant. [756 NYS2d 278] —Appeal by the defendant from a judgment of the County Court, Orange County (Berry, J.), rendered February 27, 2001, convicting him of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the seventh degree, and criminally using drug paraphernalia in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the matter is remitted to the County Court, Orange County, to hear and determine that branch of the defendant's omnibus motion which was to suppress physical evidence as the fruit of an unlawful seizure of a cellular telephone, and the appeal is held in abeyance in the interim. The County Court, Orange County, shall file its report with all convenient speed.

The defendant was convicted of various drug-related offenses after a digital scale and a quantity of cocaine were recovered from the home of his girlfriend's parents. The defendant moved to suppress the evidence recovered from the home, inter alia, on the ground that it was the fruit of an unlawful seizure of a cellular telephone taken from his person. The County Court denied suppression on that ground, without a hearing, finding that the defendant failed to establish a legitimate expectation of privacy in the home. This was error. The defendant need not have established a legitimate expectation of privacy in the home to have sought suppression of the evidence recovered therein as the fruit of an unlawful seizure of the cellular telephone. Rather, the defendant need only have established a legitimate expectation of privacy in the cellular telephone (*see People v Curatolo,* 76 AD2d 524, 531 [1980]; *People v Rizwan,*

165 Misc 2d 985 [1995]). Thus, the matter is remitted to the County Court, Orange County, for further proceedings on the defendant's suppression motion, and the appeal is held in abeyance in the interim (*see People v Crandall,* 69 NY2d 459 [1987]; *People v Finger,* 166 AD2d 714 [1990]). Ritter, J.P., Feuerstein, Krausman, Friedmann and Luciano, JJ., concur.