■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CARLOS M. RIVERA, Respondent. [911 NYS2d 671]—

Appeal by the People from an order of the Supreme Court, Queens County (Grosso, J.), dated March 24, 2009, which, after a hearing, granted that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the order is affirmed.

In its suppression ruling, the Supreme Court found the testimony of a police officer, the People's sole witness, regarding the events surrounding the stop of the defendant's vehicle and the defendant's arrest, to be incredible. The resolution of issues

of credibility made by a hearing court is entitled to great deference on appeal, and will not be disturbed unless it is manifestly erroneous (*see People v Sutherland*, 40 AD3d 890, 891 [2007]; *People v Collier*, 35 AD3d 628, 629 [2006]; *People v Ortiz*, 31 AD3d 580 [2006]). The Supreme Court's determination as to the officer's credibility, which it supported with reasons fully articulated on the record, was not manifestly erroneous (*cf. People v Hills*, 295 AD2d 365 [2002]). Furthermore, the Supreme Court properly suppressed, as fruit of the defendant's illegal arrest, physical evidence taken from the trunk of another vehicle, which the police opened using a key seized from the defendant incident to the arrest (*see People v Gethers*, 86 NY2d 159, 162 [1995]; *People v Dodt*, 61 NY2d 408, 417 [1984]). Contrary to the People's contention, suppression was warranted, regardless of whether the defendant had an expectation of privacy in the vehicle from which the "fruits" were seized (*see People v Voner*, 74 AD3d 1371 [2010]; *People v Citriniti*, 303 AD2d 419 [2003]; *People v Curatolo*, 76 AD2d 524 [1980]; *People v Rizwan*, 165 Misc 2d 985 [1995]). Prudenti, P.J., Florio, Belen and Austin, JJ., concur.