The People of the State of New York, Respondent,
against
Jason Wilner, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Stephen Antignani, J.), rendered February 7, 2017, after a nonjury trial, convicting him of sexual abuse in the third degree and forcible touching, and imposing sentence.




Per Curiam.
Judgment of conviction (Stephen Antignani, J.), rendered February 7, 2017, reversed, on the law, motion to suppress granted to the extent indicated, and the matter remanded for a new trial preceded by an independent source hearing. 
Defendant's challenge to the victim's in-court identification is preserved for appellate review (see People v Feingold, 7 NY3d 288, 290 [2006]), and, in any event, even if unpreserved, we would exercise our power to review it as a matter of discretion in the interest of justice. Moreover, the court's ruling allowing the in-court identification of defendant was erroneous. "When an eyewitness does not testify at a suppression hearing involving identification, the trial court lacks the basis to make a finding as to whether an independent source exists for an in-court identification untainted by a prior suggestive viewing" (People v Riley, 70 NY2d 523, 531-532 [1987]; see People v Gethers, 207 AD2d 260 [1994], affd 86 NY2d 159 [1995]). Here, given that the victim did not testify at the suppression hearing, as well as the Court's determination that the showup identification of defendant was unduly suggestive, there was no basis for finding an independent source. Nor was the erroneous admission of the in-court identification harmless (see Gethers, 86 NY2d at 163). Accordingly, the judgment must be reversed and a new trial ordered, to be preceded by an independent source hearing.
The court should have also suppressed defendant's statement to police made inside his apartment, as fruits of their illegal entry into the apartment (see NY Const art I, § 12; US Const, 4th, 14th Amends; Payton v New York, 445 US 573 [1980]). It is not disputed that the police did not have a warrant, and there were no exigent circumstances justifying the officers' warrantless entry into defendant's apartment. 
Nor does the record reflect that any occupant of the apartment, by words or action, consented to the police entry. At no time did the officers request permission to enter, and at no time was permission granted. Moreover, neither defendant nor his roommate acted in any manner that would have implied their consent to the officers' entry. The evidence showed, and the suppression court found, that police went to the apartment for investigative purposes at about [*2]1:00 a.m., and observed the front door partly ajar and the lights off. When officers began banging on the door frame, defendant's roommate answered, appearing to have just woken up. Upon speaking to the officers regarding the open door, the roommate called out for defendant, who emerged from his portion of the bedroom in a state of semi dress. At that point, the officers, who were outside the door while speaking to the roommate, stepped into the apartment and began asking defendant questions. 
Given the totality of the circumstances present, including the early morning hour, the number of officers in the apartment - characterized by police as a "bunch of cops" - the lack of verbal consent or any objective manifestations connoting an implied consent, the People failed, as a matter of law, to meet their heavy burden of demonstrating voluntary consent to enter the apartment, i.e., "a true act of the will, an unequivocal product of an essentially free and unconstrained choice" (People v Gonzalez, 39 NY2d 122, 128 [1976]).
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: December 05, 2018