# State of New York
# Court of Appeals

OPINION

This opinion is uncorrected and subject to revision
before publication in the New York Reports.

No. 38
The People &c.,
        Respondent,
    v.
David Williams,
        Appellant.

Carola M. Beeney, for appellant.
Brent E. Yarnell, for respondent.

TROUTMAN, J.:

On this appeal, we address whether Supreme Court erred when it denied defendant's

motion for an independent source hearing and, instead, used an undercover police officer's

prior testimony at a probable cause hearing to render a determination on whether the officer

had an independent source for his prospective in-court identification of defendant. We hold that the trial court erred in admitting the undercover officer's in-court identification without a hearing record sufficient to support an independent source determination for the identification. Consequently, under the circumstances of this case, we reverse the order of the Appellate Division and order a new trial to be preceded by an independent source hearing.

## I.

An undercover police officer bought $40 worth of heroin through an intermediary during a buy-and-bust operation in upper Manhattan in December 2016. He did not meet the seller face-to-face. Instead, the undercover followed "several feet" behind the intermediary and the seller as they walked along the avenue. He was far enough away that he could not hear what they said to each other. The intermediary returned from interacting with the seller and handed the undercover three glassines of heroin, after which the undercover reported to his support team that the "actual dealer" was wearing black pants, a white sweater, and a black hat. Minutes later, the police arrested defendant nearby. The undercover then made a confirmatory identification of defendant as the seller at the precinct parking lot a half hour after the arrest.

Defendant filed an omnibus motion contending that the police lacked probable cause to arrest him and that, as a result, the court should suppress the undercover officer's confirmatory identification, the prerecorded buy money, and defendant's cell phone. The motion stated that, if it was granted, defendant would move for an independent source hearing where the People must establish that the undercover had sufficient opportunity to

observe defendant during the commission of the offense to enable him to make an in-court identification of defendant at trial.

The court ordered a hearing "limited to the issue of whether there was probable cause to arrest defendant pursuant to *People v Gethers*, 86 NY2d 159 (1995)."[1] At the hearing, the arresting officer testified regarding the circumstances surrounding defendant's arrest, and the undercover officer testified about his observations during the buy-and-bust and his subsequent confirmatory identification of defendant at the precinct.

Inasmuch as the hearing was held for the limited purpose of determining probable cause and the suppression of evidence, the undercover officer's testimony about the seller's appearance was limited. The undercover testified that he had never interacted with the seller before the date in question and did not interact with the seller directly during the buy and bust. Although the undercover described the seller's clothes, he did not provide a physical description of the seller. He did, however, testify about his close proximity to the seller—close enough to hear that the intermediary and the seller were having a conversation, but not their words. Nevertheless, his testimony did not address how long the seller was within his sight or the nature of his confirmatory identification of defendant.

After the hearing, Supreme Court ruled that the police lacked probable cause to arrest defendant, finding the arresting officer's testimony unreliable and "tailored to meet constitutional muster." The court also suppressed, as fruits of the illegal arrest, both the

---

[1] Although the court initially termed it a "*Dunaway/Wade*" hearing, it was later confirmed that there was to be no *Wade* component to the hearing.

undercover officer's confirmatory identification and the physical evidence recovered from defendant.

Defendant then moved for an independent source hearing to determine whether, despite the suppression of his confirmatory identification, the undercover officer would be allowed to identify defendant at trial. Denying the motion, the court reasoned that a separate hearing was not necessary because the undercover's testimony at the probable cause hearing "demonstrate[d] clear and convincing evidence 'that the undercover's observations before and during the alleged sale provided an independent source for' an in-court identification of Defendant at trial." After the undercover officer identified defendant at trial, defendant was convicted of third-degree criminal sale of heroin and sentenced to six years in prison.

The Appellate Division affirmed, concluding that "the hearing court providently exercised its discretion in denying defendant's request for a separate independent source hearing" based on the testimony at the probable cause hearing about the undercover officer's opportunity to observe defendant at the time of the drug sale and the description of the confirmatory identification (203 AD3d 612, 613 [1st Dept 2022]). Consequently, the Appellate Division concluded that the undercover officer was properly permitted to identify defendant in court.

A Judge of this Court granted defendant leave to appeal (38 NY3d 914 [2022]). We now reverse and order a new trial to be preceded by an independent source hearing on the admissibility of the undercover officer's in-court identification.

II.

As an initial matter, contrary to the prosecution's contention otherwise, the question of whether defendant was entitled to a separate independent source hearing is preserved. In his omnibus motion, defendant requested that, in the event the court suppressed the undercover officer's confirmatory identification as the product of an unlawful seizure, it should hold an independent-source hearing "pursuant to *People v Gethers* (86 NY2d 159 [1995])." Defendant then renewed his request when the court suppressed the confirmatory identification, again citing *Gethers* (86 NY2d at 159). These measures "made the defense's 'position . . . known to the court,' thereby furnishing" the court "with an opportunity" to provide him with the relief he sought (*People v Sanders*, 39 NY3d 216, 220 n [2023], quoting CPL 470.05 [2]). In response, the court "expressly decided" against holding a separate hearing. A preserved "question of law" is therefore before us (CPL 470.05 [2]).

## III.

Turning to the merits, the exclusionary rule provides that "when the police have acted illegally, evidence which has been come at by exploitation of that illegality should be suppressed" (*People v Gethers*, 86 NY2d 159, 161-162 [1995] [internal quotation marks omitted], quoting *Wong Sun v United States*, 371 US 471, 488 [1963]). One commonly advanced corollary to this rule is the independent source doctrine, under which a court need not suppress evidence if the People demonstrate that it was " 'acquired by means sufficiently distinguishable from the arrest to be purged of the illegality,' i.e., that the taint of the illegal arrest was 'attenuated' " (*People v Jones*, 21 NY3d 449, 455 [2013] [citations omitted]).

Applying these principles to identifications, "once the pretrial identification . . . is shown to be impermissible and improper, any in-court identifications, though not per se excludable, are not to be received in evidence 'without first determining that they were not tainted by the illegal [identification] but were of independent origin' " (*People v Ballot*, 20 NY2d 600, 606 [1967]). To accomplish this a court must hold a formal pretrial "hearing as to independent source" (*People v Burts*, 78 NY2d 20, 24 [1991]; *see People v Marshall*, 26 NY3d 495, 506 [2015]; *Gethers*, 86 NY2d at 163). A court may conduct this hearing in conjunction with another pretrial hearing, such as a suppression hearing, or as its own separate hearing. No matter the moniker given to the hearing, it must "give the People an opportunity to prove by 'clear and convincing evidence' that the in-court identification was based upon observations of the suspect other than the [illegal] identification" (*Ballot*, 20 NY2d at 606). "Only if the prosecution can establish this may the in-court identification be admitted for the consideration of the jury" (*id.*). Otherwise, "the court must exclude that identification" (*id*. at 606-607).

The need for a hearing as to independent source extends to cases like this where a confirmatory identification is the product of an illegal arrest. As we held in *Gethers*, a police officer's in-court identification of a defendant is " 'improperly admitted [where] there was no evidence at the suppression hearing of an independent source' upon which the hearing court could rely to find that the in-court identification was 'come at by . . . means sufficiently distinguishable to be purged of the primary taint' " of the defendant's illegal arrest (86 NY2d at 163 [citations omitted]).

In evaluating whether the People have met their burden to demonstrate by clear and convincing evidence a source independent from the illegal arrest, courts should consider any information relevant to whether there is a "causal relationship between the arrest and the identification" (*Gethers*, 86 NY3d at 163): including the length and quality of the witness's opportunity to observe the defendant prior to the arrest, the accuracy of the witness's description of the defendant prior to the arrest, and the witness's prior familiarity with the defendant (*see Ballot*, 20 NY2d at 607; *see also United States v Wade*, 388 US 218, 241 [1967]).[2] Courts should also consider the nature and circumstances of the suppressed identification as they relate to the likelihood that the suppressed identification would taint any subsequent identification (*Gethers*, 86 NY3d at 163; *see United States v Crews*, 445 US 463, 472-473 [1980]; *People v Brnja*, 50 NY2d 366, 369 n 1 [1980]; *see also Marshall*, 26 NY3d at 508 n 3).

Here, the testimony adduced at the limited suppression hearing focused primarily on whether there was probable cause for defendant's arrest, which turned only on whether defendant matched the undercover officer's description of the seller as a black male wearing a white top and jeans. The undercover's testimony at the suppression hearing was devoid of any proof that his in-court identification would be derived from his pre-arrest interaction with the seller, rather than the post-arrest confirmatory identification of

---

[2] Unlike in the context of determining whether an identification is suggestive, the "nature of a police officer's duties, special training[,] and experience" on their own "simply have no relevance in a determination of whether an identification is the product of an illegal arrest" (*Gethers*, 86 NY3d at 163).

defendant. While the undercover officer described the seller's clothes, this did not establish a reliable basis for an in-court identification of defendant. The undercover provided no other details from which the court could conclude that he had a meaningful opportunity to view the seller at the time of the buy. He testified that he had no prior interactions with the seller, and he did not testify as to any physical description that he may have given the arresting officers. Nor did his testimony provide any description of the confirmatory identification procedure, such that the court could compare the two interactions and be assured that the in-court identification could be made without relying on the suppressed identification. As such, the hearing did not explore the undercover's pre-arrest observations, if any, of the seller's face, physical features, complexion, build, hairstyle, or height during the buy and bust operation.

The People's reliance on our decision in *People v Marshall* (26 NY3d 495 [2015]) is unavailing. In *Marshall*, we held that a trial court improperly denied a defendant's request for a full *Wade* hearing to determine the suggestiveness of a prosecutor's pretrial display of the defendant's arrest photograph to the complainant (*see id*. at 507-508). We decided that the error did not require reversal, however, because there was an independent source for the complainant's in-court identification of the defendant. That independent source included the complainant's testimony at the limited "Pre-*Wade*" hearing describing her assailant—indicating that she saw the defendant at the hospital by chance and recognized the defendant as the assailant prior to the photo display—and asserting that the photo display did not affect her independent recollection or recognition of the defendant (*see Marshall*, 26 NY3d at 506-508). Consequently we concluded, "[w]hile there is some

support in the hearing transcripts for defendant's argument that the hearing was circumscribed, the record also establishe[d] that defense counsel did, in fact, cross-examine complainant about the hospital identification" (*id*. at 509). Additionally, we held that the defendant's request for another hearing—despite evidence of an independent source of complainant's identification—encouraged "the unnecessary expenditure of judicial resources" (*id*.).

By comparison, here, the People presented practically no testimony regarding the undercover officer's observations of the seller's appearance to support a determination that he had a sufficient independent basis to identify defendant in court. This error requires reversal. Because the record of the probable cause hearing provided an insufficient basis for an independent source determination, defendant was entitled to an independent source hearing, as requested. In light of our determination, we do not reach defendant's remaining arguments.

Accordingly, the order of the Appellate Division should be reversed and a new trial ordered, to be preceded by an independent source hearing.

Order reversed and a new trial ordered, to be preceded by an independent source hearing. Opinion by Judge Troutman. Chief Judge Wilson and Judges Rivera, Garcia, Singas, Cannataro and Halligan concur.

Decided April 23, 2024