■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD ARMSTRONG, Appellant.—Judgment of the Supreme Court, New York County (Harold Rothwax, J.), rendered July 11, 1988, convicting defendant, upon his plea of guilty, of burglary in the first degree and sentencing him, as a predicate felon, to an indeterminate term of imprisonment of 4½ to 9 years, unanimously affirmed.

During the evening of October 12, 1987, the defendant Edward Armstrong was caught ransacking an apartment at West 172nd Street. A loaded shotgun, boltcutter and screwdrivers were found in his possession.

Armstrong was indicted in New York County for two counts of burglary, first degree and for possession of burglar's tools. On May 13, 1988 he entered a plea of guilty to one count of burglary in the first degree (Penal Law § 140.30) in full satisfaction of the indictment. On July 11, 1988 Armstrong was adjudicated a second felony offender (Penal Law § 70.06) and sentenced, as promised, to 4½ to 9 years' imprisonment.

On this appeal Armstrong challenges his adjudication as a second felony offender on the basis of a 1985 conviction for theft in the State of New Jersey. Further, Armstrong maintains that he should have been permitted to withdraw his guilty plea.

In determining whether Armstrong's theft conviction in New Jersey (NJ Stat Annot § 2C:20-3) properly may form the basis for a predicate felony adjudication (Penal Law § 70.06), we must determine whether the elements of theft as defined by the New Jersey statute are analogous to those of a New York felony statute. The allegations of the accusatory instrument ordinarily may not be considered in making this determination. *(People v Muniz,* 74 NY2d 464, 467-468 [1989], citing *People v Olah,* 300 NY 96, 98 [1949]; *People v Gonzalez,* 61 NY2d 586, 589 [1984].) However, this general rule does not apply when, as here, the foreign statute renders criminal

several acts, some of which would constitute felonies and others of which would constitute misdemeanors had they occurred in New York. "In such cases, the recitals in the accusatory instrument that describe the particular act or acts underlying the charge are necessary to the extent that they isolate and identify the statutory crime of which the defendant was accused * * * and they may properly be considered in determining whether Penal Law § 70.06 (1) (b) (i) has been satisfied". *(People v Muniz,* 74 NY2d, *supra,* at 468, citing *People ex rel. Gold v Jackson,* 5 NY2d 243, 246 [1959]; *see also, People v Tilman,* 114 AD2d 799, 800 [1st Dept 1985].)

An analysis of the New Jersey statute along with reference to the New Jersey accusatory instrument reveals that the crime of theft of which the defendant was convicted was analogous to the New York felony of grand larceny in the third degree (Penal Law former § 155.30).

As revealed by the certificate of conviction, on October 7, 1985 in the Superior Court of New Jersey, Bergen County, Armstrong entered a plea of guilty to, *inter alia,* theft (NJ Stat Annot § 2C:20-3) under the second count of an accusatory instrument. The second count of that accusatory instrument reads: "that Edward C. Armstrong * * * did unlawfully take or exercise unlawful control over movable property of, or in the custody and control of Ed Russo, with a value in excess of $500.00 with purpose to deprive the owner thereof".

New Jersey Statutes Annotated § 2C:20-3 defines theft, as relevant herein, as follows: "Theft by unlawful taking or disposition a. Movable property. A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with purpose to deprive him thereof."

New Jersey Statutes Annotated § 2C:20-2 (b) distinguishes the different grades of theft:

"b. Grading of theft offenses. * * *

"(2) Theft constitutes a crime of the third degree if:

"(a) The amount involved exceeds $500.00 but is less than $75,000.00".

Specific terms of imprisonment of between three years and five years are authorized for conviction of a crime of theft in the third degree. (NJ Stat Annot § 2C:43-6 [a] [3].)

"Movable property" is defined by New Jersey Statutes Annotated § 2C:20-1 (e) and (g) as follows:

"e. '[m]ovable property' * * * property the location of which can be changed. * * *

"g. '[p]roperty' * * * anything of value, including real es-

tate, tangible and intangible personal property, trade secrets, contract rights".

At the time of Armstrong's New Jersey conviction, New York's Penal Law § 155.30 (1) defined grand larceny in the third degree in this manner:

"A person is guilty of grand larceny in the third degree when he steals property and when:

"1. The value of the property exceeds two hundred fifty dollars * * *.

"Grand Larceny in the third degree is a class E felony."
Penal Law § 155.00 (former [1]) defined "property" as "any money, personal property, real property, thing in action, evidence of debt or contract, or any article, substance or thing of value".

There being a New York felony analogous to the New Jersey crime of theft of which Armstrong was convicted, he was properly adjudicated a predicate felon.

The defendant's remaining contention is without merit. The record reflects that he was represented by counsel, that his plea was knowingly and voluntarily entered and that he received the agreed-upon term of imprisonment. *(People v Miller, 42 NY2d 946 [1977].)* Concur—Murphy, P. J., Carro, Ellerin, Wallach and Smith, JJ.