■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AARON MURRELD, Appellant. [633 NYS2d 329] —Appeal by the defendant (1) from a judgment of the Supreme Court, Kings County (Rappaport, J.), rendered March 1, 1994, convicting him of attempted murder in the second degree, upon a jury verdict, and imposing sentence, and (2) by permission, from an order of the same court, dated October 7, 1994, which denied the defendant's pro se motion to set aside his sentence pursuant to CPL 440.20.

Ordered that the judgment and the order are affirmed.

Contrary to the defendant's contention, the Supreme Court's pretrial ruling that the jury would be excused for all sidebar discussions so that the defendant could participate therein did not deprive him of the opportunity to be present during all material stages of his trial (see generally, People v Pondexter, 215 AD2d 409; cf., People v Gilliam, 215 AD2d 401). The defendant did not waive his right to be present and the court based its ruling on reasonable security considerations and its concern for potential prejudice to the defendant if the jury were to see him escorted to the bench by court officers (see, People v Lopez, 207 AD2d 658).

The defendant's further contention that he was unduly prejudiced by the complainant's testimony relating to the order of protection which she had obtained against him was not preserved for appellate review (see, People v Udzinski, 146 AD2d 245). In any event, the testimony was properly admitted because it constituted the factual predicate for the defendant being charged with criminal contempt in the second degree (see, Penal Law § 215.50 [3]).

In addition, the defendant's failure to challenge the constitutionality of his 1989 violent felony conviction at the time of his 1991 arraignment as a second violent felony offender constituted a waiver of his right to challenge the 1989 conviction at this time (see, People v Dickerson, 202 AD2d 247).

The defendant's remaining contention is without merit (see, People v Suitte, 90 AD2d 80). Rosenblatt, J. P., Pizzuto, Altman and Hart, JJ., concur.