■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONZA WATKINS, Appellant. [645 NYS2d 2]

In view of the illegal police procedure involved here and the inapplicability of any of the exceptions to the exclusionary rule, the hearing court erred in failing to suppress the show-up identification of the defendant by complainant (*People v Gethers*, 86 NY2d 159, 161-162). While defendant's behavior, based on the officers' observations of him "casing" potential victims for several blocks, his quick exit from a building shortly after entering and his attempt to hail a cab with money in hand,

provided reasonable suspicion, it did not rise to the level of probable cause and thus was insufficient to warrant the search and handcuffing at gunpoint, i.e., an arrest (*see, People v Hicks,* 68 NY2d 234, 239-240). At best, under the criteria of *People v De Bour* (40 NY2d 210), the circumstances provided grounds to stop defendant and request information (*supra,* at 223). According to the officers' testimony, they did not receive information as to the commission of a crime until after defendant's detention and there was no indication that the arresting officer drew his gun in fear of his safety.

The report of a knife-point robbery committed in the building from which defendant had just exited elevated the level of suspicion to probable cause. It cannot, however, be considered an intervening circumstance which severs the causal link between the arrest and the subsequent show-up identification since the arrest made the identification possible. The show-up, which exploited the illegal arrest, must therefore be suppressed (*see, People v Gethers, supra*). These circumstances, however, do not preclude the People from seeking to establish that an independent source exists for an in-court identification (*see, People v Dodt,* 61 NY2d 408, 418). Concur—Sullivan, J. P., Ellerin, Ross, Nardelli and Williams, JJ.