■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEAN CUMMINS, Appellant. [648 NYS2d 22] —Judgment, Supreme Court, New York County (Richard Andrias, J.), rendered April 29, 1994, convicting defendant, upon his plea of guilty, of two counts of burglary in the second degree, and sentencing him, as a second felony offender, to consecutive terms of 2 to 4 years, unanimously affirmed.

The court properly adjudicated defendant a predicate felon. Since the South Carolina statute under which defendant was convicted of burglary (SC Code Annot § 16-11-312) renders criminal several acts, some of which would constitute felonies, namely, breaking and entering into a "structure" used for car-

rying on a business, and others of which would constitute only misdemeanors, namely breaking and entering into a "vehicle" not used for overnight lodging of persons, had they been committed in New York (Penal Law § 140.00 [2]), examination of the indictment is appropriate (*People v Armstrong*, 167 AD2d 108, 108-109, *lv denied* 77 NY2d 903). A fair reading of that document, which includes the address of the "building" allegedly broken into, "building" being defined in South Carolina, insofar as pertinent, much as it is in New York, as any "structure" or "vehicle" where "any person lodges or lives" (SC Code Annot § 16-11-310 [1] [a]), and the name of the business carried on there disclosing it to be an automobile dealership, but no name or even mention of any "vehicle", permits only the conclusion that defendant was charged with breaking into a structure, and not a car. Had defendant been charged with breaking into a car on the automobile sales lot, the indictment would have said so. Concur—Murphy, P. J., Sullivan, Rubin, Ross and Nardelli, JJ.