■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v BARRIS UNDERWOOD and JAMEL BROWN, Respondents. [658 NYS2d 629] —Appeal by the People, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Rotker, J.), dated April 19, 1995, as, following a joint hearing under two separate indictments, granted those branches of the defendants' respective omnibus motions which were to suppress identification testimony.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

Within minutes of receiving a report by the complainant that he had been robbed, the police chased and detained a group of 10 to 12 young men. The incident occurred on Halloween night, and the youths wore paint on their faces and had masks or hats pulled over their faces. The complainant was brought to the scene and identified four youths, including the defendants, by the coats that they wore.

Following a joint suppression hearing, the court concluded, *inter alia,* that the police lacked probable cause to arrest the defendants and suppressed the identifications as the fruit of

the illegal arrest. The arresting officer was the only witness to testify at the hearing. The court denied the People's request for a continuance so as to permit the complainant to testify on the issue of whether there existed an independent source for an in-court identification of the defendants.

The People do not challenge the hearing court's determination that the police lacked probable cause to arrest the defendants and that the showup identifications must therefore be suppressed. However, they contend that the court erred in denying them the opportunity to establish an independent source for the complainant's in-court identification testimony.

We agree with the People that, as a general rule, they should not be precluded from demonstrating that a witness's in-court identification is derived from a source independent of the antecedent, illegal, police activity (*see, People v Gethers,* 86 NY2d 159; *People v Dodt,* 61 NY2d 408; *People v Watkins,* 228 AD2d 163; *People v Dossantos,* 137 AD2d 763). The burden is on the People to establish that the in-court identification was " ' "come at by * * * means sufficiently distinguishable to be purged of the primary taint" ' " (*People v Gethers, supra,* at 163, quoting *Wong Sun v United States,* 371 US 471, 488).

In the case at bar, where the defendants' faces were covered or disguised and the complainant identified them only by the coats that they wore, it is apparent that the People could not meet this burden, and any in-court identification testimony would be derived from exploitation of the illegal arrest. Accordingly, based on the particular facts of this case, the court did not err in denying the People's application for an independent source hearing and suppressing the complainant's in-court identification testimony as fruit of the illegal arrest. Mangano, P. J., Pizzuto, Krausman and Luciano, JJ., concur.