■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUDOLPH YOUNG, Appellant. (Appeal No. 1.) [683 NYS2d 677] —Judgment unanimously reversed on the law, motion to suppress granted and new trial granted. Memorandum: Defendant appeals from a judgment convicting him of robbery in the first

degree (Penal Law § 160.15 [3]) (two counts) and burglary in the first degree (Penal Law § 140.30 [3]). Upon defendant's motion to set aside the sentence originally imposed on that conviction, Supreme Court resentenced defendant as a persistent felony offender to an aggregate term of 50 years to life. Defendant contends that the court erred in denying his motion to suppress; that he was erroneously adjudicated a persistent felony offender; and that the sentence is unduly harsh and severe.

As we held on a prior appeal in a related prosecution, police lacked probable cause to arrest defendant (*see, People v Young*, 202 AD2d 1024, 1025-1027). Evidence obtained as a result of that illegal arrest included defendant's statement at the time of arrest, police observations of defendant at that time, and evidence of a victim's line-up identification of defendant, all of which was admitted against defendant at the trial in this case. The evidence at the suppression hearing does not support the People's contention that the line-up identification was attenuated from the illegal arrest. Defendant was arrested at 7:40 A.M., at which time police seized incriminating evidence and elicited defendant's statement. At approximately 8:05 A.M., defendant gave police his clothes. Defendant subsequently was interviewed by police officers, but said nothing incriminating; at one point, he said that he wanted a lawyer if he was being accused of specific crimes. Questioning ceased. Between 8:45 and 9:00 A.M., while still in custody, and within about an hour of his illegal arrest, defendant was asked if he would participate in a line-up and indicated that he would. Because police obtained defendant's consent to the line-up by means affected by the primary taint, it must be concluded that the line-up identification flowed directly from the illegal arrest and was not attenuated therefrom (*see, People v Dodt*, 61 NY2d 408, 417; *People v Simpson*, 174 AD2d 348, 351).

Because proof of the line-up identification and other evidence obtained by police at the time of the arrest contributed to defendant's conviction, we reverse the conviction, grant the motion to suppress such evidence, and grant a new trial. We note that, at the new trial, the People should be granted an opportunity to demonstrate that the ability of the victim to make an in-court identification stemmed from her observation of defendant at the time of the crime and therefore has a basis independent of the unlawful arrest and tainted identification procedure. In light of our determination, we do not consider defendant's challenges to the sentence (*but see, People v Young*, 255 AD2d 907 [decided herewith]). (Appeal from Judgment of

Supreme Court, Monroe County, Suppression, Doyle, J.; Trial and Sentence, Wesley, J.; Resentence, Affronti, J.—Robbery, 1st Degree.) Present—Denman, P. J., Hayes, Wisner, Callahan and Boehm, JJ.