■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUDOLPH YOUNG, Appellant. (Appeal No. 2.) [683 NYS2d 678] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of stolen property in the fourth degree (Penal Law § 165.45 [4] [knowingly possessing stolen shotguns]). Defendant was sentenced as a persistent felony offender to an indeterminate term of incarceration of 25 years to life. Defendant contends that the verdict is against the weight of the evidence; that Supreme Court improperly admitted evidence of uncharged crimes; that the court erred in failing to hold a hearing on the basis for a prosecution witness's testimony concerning a certain knife and sheath; that the sentence imposed after retrial was vindictive; that the court erred in determining that defendant was a persistent felony offender; and that the sentence is unduly harsh and severe.

The verdict is not against the weight of the evidence. Prosecution witnesses testified that defendant was in possession of shotguns, that one witness sought to buy them, and that defendant ultimately sold the guns to another witness. The jury did not fail to give the evidence the weight it should be accorded (*see, People v Bleakley*, 69 NY2d 490, 495).

There was no prejudice to defendant as a result of the alleged *Molineux* error. Apparently disregarding the circumstantial evidence, the jury acquitted defendant of the most serious counts and convicted him only of a single count of criminal possession of stolen property, concerning which there was direct evidence. Thus, the jury did not misuse the *Molineux* evidence and did not convict defendant solely on the basis of proof of his criminal propensity.

The court properly declined to hold a hearing on the basis for a prosecution witness's testimony concerning defendant's possession of the knife and sheath. It is apparent that the testimony was based on the witness's recollection of having seen the knife before, not after, defendant's arrest. Thus, the admissibility of her testimony was not affected by the suppression ruling. In any event, there was no prejudice. The jury acquitted defendant of the theft and criminal possession of that knife.

Defendant did not receive an increased sentence following

retrial, and thus there is no presumption of vindictiveness (*see, People v Justice*, 202 AD2d 981, 982, *lv denied* 83 NY2d 968; *United States v Campbell*, 106 F3d 64, 69; *Knapp v Leonardo*, 46 F3d 170, 180, *cert denied* 515 US 1136). The appropriate comparison is not between sentences imposed on any single count, but between the aggregate sentences imposed originally and upon reconviction (*see, United States v Campbell, supra*, at 67-68). Following the initial trial, defendant was sentenced to consecutive terms of incarceration aggregating 45 years to life. Following his retrial, defendant was sentenced to a term of incarceration of 25 years to life. Further, a lengthier sentence may be imposed upon specific counts following retrial where, as here, the lengthier sentence is the product of a first-time determination that defendant is a predicate felon (*see, People v Palmer*, 176 AD2d 995, 996-997, *lv denied* 79 NY2d 951; *see also, Knapp v Leonardo, supra*, at 180).

Defendant was properly adjudicated a persistent felony offender and sentenced to an indeterminate term of incarceration of 25 years to life. There is no merit to defendant's challenge to the predicate North Carolina conviction. The record of that conviction establishes that defendant pleaded guilty to a lesser included offense, second degree murder, in the presence of and on the advice of counsel, in order to avoid a possible death sentence. In any event, defendant waived any challenge to the constitutionality of the North Carolina conviction, having failed to establish good cause for his failure to challenge it on that basis at his earlier persistent violent felony offender hearing (*see*, CPL 400.15 [7] [b]; [8]; 400.16 [2]; 400.20 [6]; 400.21 [7] [b]; [8]; *People v Murreld*, 220 AD2d 780, *lv denied* 87 NY2d 905; *People v Jones*, 213 AD2d 801, 803, *lv denied* 85 NY2d 975).

There is no merit to the contention that defendant's background and criminal record fail to support the determination that defendant is a persistent felon. "[T]he history and character of the defendant and the nature and circumstances of his criminal conduct are such that extended incarceration and lifetime supervision of the defendant are warranted to best serve the public interest" (CPL 400.20 [1] [b]). For the same reason, the sentencing court did not abuse its discretion in imposing an indeterminate term of incarceration of 25 years to life. (Appeal from Judgment of Supreme Court, Monroe County, Affronti, J.—Criminal Possession Stolen Property, 4th Degree.) Present—Denman, P. J., Hayes, Wisner, Callahan and Boehm, JJ.