■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v OSCAR GARCIA, JUAN GONZALEZ, JOSE HERNANDEZ, and APREZA HOMERO, Respondents. [682 NYS2d 54] —Appeal by the People from (1) five orders of the Supreme Court, Queens County (Eng, J.), all dated December 4, 1996, and (2) an order of the same court, dated January 27, 1997, which, after an independent source hearing, granted those branches of the defendants' respective omnibus motions which were to suppress in-court identification testimony.

Ordered that the appeals from the orders dated December 4, 1996, are dismissed as abandoned; and it is further,

Ordered that the order dated January 27, 1997, is affirmed.

The three complaining witnesses were assaulted on December 24, 1995, in a dance club in Queens by a group of about 15 young men. The defendants were arrested about six weeks later after they were identified by two of the complaining witnesses during a police-arranged showup on a street near the club. The Supreme Court granted the defendants' motions to suppress pretrial identification testimony based on its determination that the defendants were illegally detained, and directed a hearing on the issue of the existence of an independent source for in-court identifications by the complainants. Following the hearing, the court suppressed in-court identification testimony by the complainants.

Initially, we note that the People have not raised any issues on appeal with respect to the suppression court's determination that the defendants were illegally detained and that the evidence obtained as a result of the illegal police activity, including any pretrial identifications, should be suppressed. The People contend, however, that the court erred in suppressing the complainants' in-court identification testimony.

The People are required to establish by clear and convincing

evidence that any in-court identifications of the defendants by the complaining witnesses are derived from a source independent of the illegal police activity (*see, People v Gethers,* 86 NY2d 159; *People v Underwood,* 239 AD2d 366; *see also, People v Chipp,* 75 NY2d 327, *cert denied* 498 US 833). Among the factors to be considered are the opportunity for the witness to view the criminal at the time of the crime, the witness's degree of attention, the accuracy of the prior description, the level of certainty demonstrated at the prior identification, and the time between the crime and the identification (*see, People v Williams,* 222 AD2d 149; *People v Foster,* 200 AD2d 196).

After the incident, the complainants provided the police with only a general description of their assailants as young Hispanic men about 5 feet 7 inches tall, and the defendants were not identified until approximately six weeks later during the showup. Although the complainants testified that they were able to observe the faces of certain assailants during the incident, given the nature of the incident and the vagueness of the descriptions provided by the complainants, the evidence was insufficient to establish an independent source for the identification of any of the defendants. Accordingly, the court properly granted the defendants' motions to preclude in-court identification testimony by the complainants.

Contrary to the People's contention, the suppression court did not err in granting the defendants' requests to waive their right to be present during the independent source hearing (*see, People v Hubener,* 133 AD2d 233, 234; *see also, People v Foster, supra*).

The People's remaining contentions are without merit. O'Brien, J. P., Florio, McGinity and Luciano, JJ., concur.