THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK BRENNAN, Appellant. [693 NYS2d 773] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of two counts of burglary in the second degree (Penal Law § 140.25 [2]) and other crimes, defendant contends that the identification testimony of a witness should have been suppressed because it was based upon suggestive pretrial identification procedures. We disagree. The People met their initial burden of demonstrating the lack of suggestiveness, and defendant failed to carry the ultimate burden of proving that the procedures were unduly suggestive (*see, People v Chipp*, 75 NY2d 327, 335, *cert denied* 498 US 833). Defendant contends that it was suggestive for the witness to have been shown two photo arrays, each containing his photograph. The witness failed to identify anyone from the first array, but identified defendant from the second array, which contained color photographs and a full face and profile photograph of each person. "Successive photo arrays are not per se impermissibly suggestive" (*People v Lee*, 207 AD2d 953, *lv denied* 85 NY2d 864). Here, different photographs of defendant were used in the two arrays (*see, People v Lee, supra*), and the witness testified that she did not know that defendant's photograph was in the first array until several weeks after she identified defendant from the second array.

The record of the *Wade* hearing fails to support defendant's

contention that, prior to allowing the witness to view each photo array, the police officer told her that a photograph of the suspect was included in the array. In any event, advising a witness that a photograph of the suspect is included in the array "is not fatal to the propriety of the procedure" (*People v Smith,* 140 AD2d 647, *lv denied* 72 NY2d 961; *see, People v Aufiero,* 139 AD2d 656).

Even assuming, arguendo, that the photographic identification procedures were suggestive, we conclude that the People proved by clear and convincing evidence that the witness had an independent basis for her in-court identification of defendant (*see, People v Chipp, supra,* at 335; *People v Campbell,* 200 AD2d 624, 625-626, *lv denied* 83 NY2d 869). The sentence is neither unduly harsh nor severe. (Appeal from Judgment of Supreme Court, Erie County, Wolfgang, J.—Burglary, 2nd Degree.) Present—Denman, P. J., Pine, Pigott, Jr., Hurlbutt and Balio, JJ.