■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUDOLPH YOUNG, Appellant. [798 NYS2d 625]—

Appeal from a judgment of the Supreme Court, Monroe County (John J. Ark, J.), rendered September 7, 2000. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree (two counts) and burglary in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of two counts of robbery in the first degree (Penal Law § 160.15 [3]) and one count of burglary in the first degree (§ 140.30 [3]) in connection with a home invasion robbery in 1991. We previously reversed the judgment convicting defendant of those crimes upon determining that defendant was illegally arrested, that the lineup identification procedure was not attenuated from the illegal arrest, and that "proof of the line-up identification and other evidence obtained by police at the time of the arrest contributed to defendant's conviction" (*People v Young*, 255 AD2d 905, 906 [1998]). We noted, however, that at the new trial the People should be afforded the opportunity to establish an independent basis for the in-court identification of defendant by one of the victims (*see id.*). Contrary to the contention of defendant, Supreme Court properly determined that the People proved by clear and convincing evidence that the victim had an independent basis for her in-court identification of him (*see People v Brennan*, 261 AD2d 914, 915 [1999], *lv denied* 94 NY2d 820 [1999]; *see generally People v Chipp*, 75 NY2d 327, 335 [1990], *cert denied* 498 US 833 [1990]).

That victim testified that, although defendant's face was partially covered, she had a clear view of defendant's eyes in well-lit conditions for approximately 5 to 7 minutes and that she studied his face in an effort to determine whether he was someone she knew (*see generally People v Conner*, 15 AD3d 843, 844 [2005]; *People v Fountaine*, 8 AD3d 1107, 1108 [2004], *lv denied* 3 NY3d 706 [2004]). Contrary to the further contention of defendant, the court did not abuse its discretion in denying his motion to permit expert testimony on the subject of eyewitness identification (*see People v Lee*, 96 NY2d 157, 160 [2001]). The proposed expert was examined at length during the offer of proof by both counsel and the court and, "[s]ince the motion was considered during the People's case-in-chief, the court was in a position to weigh [the relief sought in the motion] against other relevant factors," including the victim's identification testimony and the testimony of defendant's acquaintances from whom some of the stolen property was recovered (*id.* at 163).

We reject defendant's contention that the verdict is against the weight of the evidence. Although a different result would not have been unreasonable inasmuch as defendant presented evidence that the victim who identified defendant in court was unable to identify him in a photo array one month after the crimes, we conclude that the jury did not fail to give the evidence the weight it should be accorded (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). We note that great deference must be given to the credibility determinations of the jury, particularly in view of the fact that the jury was able to view the demeanor of the victim when she explained her difficulty with respect to the photo array (*see id.*).

Contrary to the further contentions of defendant, the statutory scheme pursuant to which he was sentenced as a persistent felony offender is not unconstitutional (*see People v Robinson*, 5 NY3d 738 [2005]; *People v Rosen*, 96 NY2d 329, 334-335 [2001], *cert denied* 534 US 899 [2001]; *People v Nelson*, 16 AD3d 1172 [2005]), and the court did not rely upon a prior determination that defendant was a persistent felony offender in making its finding (*People v Young*, 255 AD2d 907, 908 [1998], *affd* 94 NY2d 171 [1999], *rearg denied* 94 NY2d 876 [2000]). Finally, the sentence is not unduly harsh or severe.

All concur except Hurlbutt, J.P., and Gorski, J., who dissent and vote to reverse in accordance with the following memorandum:

Hurlbutt, J.P., and Gorski, J. (dissenting). We respectfully dissent and vote to reverse. As noted by the majority, we previously reversed the judgment convicting defendant of crimes in

connection with a home invasion robbery and, in granting a new trial, we wrote that the People should be afforded the opportunity to establish an independent basis for the in-court identification of defendant by one of the victims (*People v Young*, 255 AD2d 905 [1998]). Although we agree with the majority that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]), we nevertheless conclude that defendant is entitled to a new trial because, in our view, the People failed to meet their burden of establishing by clear and convincing evidence that the victim had an independent basis for her in-court identification of defendant.

The record establishes that one of the two victims was unable to identify the intruder. At the pretrial hearing to determine whether the other victim had an independent basis to identify defendant at the retrial, the victim testified that she had the opportunity to look directly at defendant for a period of several minutes in good lighting. She further testified, however, that the intruder was wearing a scarf around his face, and thus she could see only his forehead, eyebrows, eyes and that part of his nose above the scarf. She testified that there were no distinguishing characteristics with respect to the intruder's forehead, eyebrows or eyes. Immediately after the crime, the victim was unable to assist the police in constructing a composite of the intruder because she had not seen the full face of the intruder. Although the victim further testified that she had nightmares about the intruder during which she would see "those [the intruder's] eyes," she was unable to select defendant from a photo array one month after the crime despite looking into the eyes of each man set forth in the photo array. Later in the day on which the photo array was conducted, the victim identified defendant from a lineup, based on both his eyes and his voice. In our prior decision reversing the judgment of conviction, we held that defendant had been illegally arrested and that the lineup identification procedure was not attenuated from the illegal arrest (*id.* at 906). At the subsequent pretrial hearing at issue herein, the victim testified that she had a recollection of defendant based on her viewing of him in her home on the night of the crime, and she testified that her recollection was independent of her viewing of defendant in the lineup one month after the crime.

Where, as here, the identification of a defendant from a lineup has been ruled inadmissible at trial, "[t]he burden is on the People to establish that the in-court identification was come at by . . . means sufficiently distinguishable to be purged of the

primary taint" (*People v Underwood*, 239 AD2d 366, 367 [1997], *lv denied* 90 NY2d 911 [1997] [internal quotation marks omitted]). In our view, Supreme Court erred in determining that the People established by clear and convincing evidence that the victim had an independent basis for her in-court identification of defendant, untainted by the illegal lineup identification procedure. The inability of the victim to assist the police in constructing a composite of the intruder and her inability to select defendant from a photo array prior to the lineup identification procedure strongly suggest that her alleged independent "recollection" of defendant was irrevocably tainted by her having viewed defendant in the lineup and having heard him speak. We therefore must conclude that any in-court identification testimony by the victim "would be derived from exploitation of the illegal arrest" (*id.*; *see also People v Reyes*, 151 AD2d 435, 437 [1989]). Thus, we would reverse the judgment and grant defendant a new trial at which the victim would be precluded from making an in-court identification of defendant. Present—Hurlbutt, J.P., Scudder, Kehoe, Gorski and Hayes, JJ.