■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL A. POWELL, Appellant. [810 NYS2d 266]—

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered March 6, 2003. The judgment convicted defendant, upon a jury verdict, of assault in the second degree and reckless endangerment in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of assault in the second degree (Penal Law § 120.05 [4]) and reckless endangerment in the second degree (§ 120.20), defendant contends that Supreme Court erred in refusing to suppress the in-court identification of him by the victim and a witness to the crimes on the ground that the photo array was unduly suggestive. We reject that contention. We conclude with respect to the photo array that the individuals depicted therein were "sufficiently similar in appearance so that the viewer's attention [was] not drawn to any one photograph in such a way as to indicate that the police were urging a particular selection" (*People v Quinones*, 5 AD3d 1093, 1093 [2004], *lv denied* 3 NY3d 646 [2004]; *see People v Emm*, 23 AD3d 983 [2005]). Although defendant is the only person depicted therein with braided hair, that fact alone does not establish that the photo array was unduly suggestive (*see People v Martinez*, 298 AD2d 897, 897-898 [2002], *lv denied* 98 NY2d 769 [2002], *cert denied* 538 US 963 [2003] *reh denied* 539 US 911 [2003]; *People v Merriweather*, 298 AD2d 950 [2002], *lv denied* 99 NY2d 561 [2002]). We have examined the further challenge of defendant to the victim's in-court identification of him and conclude that it is lacking in merit. Present—Pigott, Jr., P.J., Hurlbutt, Martoche, Pine and Hayes, JJ.