■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DALE W. DEAN, Appellant. [815 NYS2d 380]—

Appeal from a judgment of the Cayuga County Court (Mark H. Fandrich, J.), rendered February 25, 2003. The judgment convicted defendant, upon a jury verdict, of kidnapping in the second degree, sodomy in the first degree, sexual abuse in the first degree and robbery in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting

him following a jury trial of kidnapping in the second degree (Penal Law § 135.20), sodomy in the first degree (former § 130.50 [1]), sexual abuse in the first degree (§ 130.65 [1]), and robbery in the first degree (§ 160.15 [4]). Contrary to defendant's contention, the photo array was not unduly suggestive. "[T]he individuals depicted therein were 'sufficiently similar in appearance so that the viewer's attention [was] not drawn to any one photograph in such a way as to indicate that the police were urging a particular selection' " (*People v Powell*, 26 AD3d 795, 795 [2006]; *see People v Martinez*, 298 AD2d 897, 897-898 [2002], *lv denied* 98 NY2d 769 [2002], *cert denied* 538 US 963 [2003], *reh denied* 539 US 911 [2003]; *see generally People v Lee*, 96 NY2d 157, 163 [2001]; *People v Chipp*, 75 NY2d 327, 335-336 [1990], *cert denied* 498 US 833 [1990]). In any event, as County Court properly determined, the People established by clear and convincing evidence that the victim had an independent basis for her in-court identification of defendant (*see People v Young*, 20 AD3d 893 [2005]; *People v Brennan*, 261 AD2d 914, 915 [1999], *lv denied* 94 NY2d 820 [1999]; *see generally Chipp*, 75 NY2d at 335).

Defendant failed to preserve for our review his contention that he was denied a fair trial by prosecutorial misconduct on summation (*see* CPL 470.05 [2]; *People v Torturica* [appeal No. 2], 23 AD3d 1040 [2005]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Defendant also failed to preserve for our review his contention that the court erred in admitting the pellet gun in evidence (*see People v Hurd*, 160 AD2d 199 [1990], *lv denied* 76 NY2d 789 [1990]). In any event, the pellet gun was properly admitted in evidence "because there were sufficient surrounding circumstances to permit the jury to infer that the gun was used by defendant" during the commission of the crimes (*People v Sheriff*, 234 AD2d 894, 895 [1996], *lv denied* 90 NY2d 910 [1997]). Any discrepancies between the victim's description of the pellet gun and the pellet gun found in defendant's vehicle "went to the weight to be accorded that evidence and not its admissibility" (*People v Sosa*, 255 AD2d 236, 237 [1998], *lv denied* 93 NY2d 979 [1999]; *see People v Taylor*, 206 AD2d 904, 905 [1994], *lv denied* 84 NY2d 940 [1994]; *People v Sandy*, 187 AD2d 466 [1992]).

Contrary to the further contention of defendant, the evidence is legally sufficient to establish that he displayed the pellet gun within the meaning of Penal Law § 160.15 (4). Thus, we conclude that the conviction of robbery is supported by legally sufficient evidence, as is the conviction of the remaining crimes,

and the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Kehoe and Hayes, JJ.