■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD ARMSTRONG, Appellant. [886 NYS2d 16]—

Judgment, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered October 6, 2006, convicting defendant, upon his plea of guilty, of robbery in the second degree, and sentencing him, as a second violent felony offender, to a term of seven years, unanimously affirmed.

In 1988, defendant pleaded guilty to first-degree burglary, and was adjudicated a second felony offender based on a 1985 New Jersey conviction. On appeal (167 AD2d 108 [1990], *lv denied* 77 NY2d 903 [1991]), this Court rejected defendant's claim that the New Jersey conviction was not the equivalent of a New York felony. In 2003, defendant pleaded guilty to second-degree robbery and, without objection, was adjudicated a second violent felony offender based on the 1988 burglary conviction. This Court (31 AD3d 291 [2006]) reversed on the ground that defendant was not advised of the postrelease supervision component of his sentence during the plea allocution.

On remand, defendant again pleaded guilty to second-degree robbery, and was again adjudicated a second violent felony offender, this time over counsel's objection. Counsel argued that the 1988 second felony offender adjudication was defective in that the 1985 New Jersey conviction would have been the equivalent of a misdemeanor conviction in New York. However, counsel did not argue that such a defect would have rendered the 1988 New York conviction unconstitutionally obtained within the meaning of CPL 400.15 (7) (b).

On this appeal, defendant asserts, for the first time, that the 1988 conviction was the product of ineffective assistance in that counsel failed to ascertain defendant's "true" predicate status, and he claims he was entitled to a hearing on the constitutionality of the 1988 conviction. Aside from being both unpreserved (*see People v Samms*, 95 NY2d 52, 56-58 [2000]) and procedurally barred (*see* CPL 400.15 [8]; *People v Young*, 255 AD2d 907,

908 [1998], *affd* 94 NY2d 171 [1999] [initial predicate felony adjudication binding on reconviction following reversal]), this claim is entirely without merit, because its underpinning is defendant's suggestion that the 1985 New Jersey conviction did not qualify as a predicate felony conviction. This court expressly resolved that issue against defendant in the 1990 appeal.

We have considered and rejected defendant's remaining claim. Concur—Tom, J.P., Sweeny, McGuire, DeGrasse and Freedman, JJ.