In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the Presentment Agency appeals from an order of the Family Court, Kings County (Freeman, J.), dated August 24, 2011, which dismissed the petition, with prejudice. The appeal brings up for review the granting, after a hearing, of that branch of the respondent’s omnibus motion which was to suppress certain identification testimony.
Ordered that the order is affirmed, without costs or disbursements.
This juvenile delinquency proceeding arises out of an incident in which the complaining witness allegedly was accosted by a group of four boys who attempted to rob him, and was punched by two of them. Approximately three weeks after the incident, during a showup procedure at a police station, the complaining *939 witness identified the respondent as one of the perpetrators. The Presentment Agency conceded that the showup identification should be suppressed at the fact-finding hearing, and the Family Court conducted a hearing on the issue of whether there was an independent source for an in-court identification of the respondent by the complaining -witness.
Where a showup identification is shown to be unduly suggestive, an in-court identification by the witness who made the showup identification also must be suppressed unless the prosecution establishes by “clear and convincing evidence” that an in-court identification would be “neither the product of, nor affected by, the improper pretrial showup” (People v Rahming, 26 NY2d 411, 416 [1970] [internal quotation marks omitted]; see People v Gethers, 86 NY2d 159, 163 [1995]). Here, the Family Court’s determination that the Presentment Agency failed to meet this burden was supported by the record (see People v Lesiuk, 81 NY2d 485, 490 [1993]; People v Garcia, 255 AD2d 522, 523 [1998]).
Accordingly, upon the Presentment Agency’s representation that the deprivation of the witness’s in-court identification of the respondent had rendered the sum of proof available to it insufficient as a matter of law, the Family Court properly dismissed the petition with prejudice. Rivera, J.P., Hall, Lott and Cohen, JJ., concur.