People v Vazquez (2019 NY Slip Op 06924)





People v Vazquez


2019 NY Slip Op 06924


Decided on September 27, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


838 KA 16-00850

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ABDIEL VAZQUEZ, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (BRIDGET L. FIELD OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered May 13, 2016. The judgment convicted defendant, upon his plea of guilty, of robbery in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of robbery in the second degree (Penal Law
§ 160.10 [1]). Defendant contends on appeal that Supreme Court erred in determining following a pretrial hearing that the victim had an independent basis for his in-court identification of defendant. We reject that contention. The victim testified that he had an unobstructed view of defendant's face for over five minutes in well-lit areas inside and outside his residence during the commission of the offense (see People v Young, 20 AD3d 893, 894 [4th Dept 2005], affd 7 NY3d 40 [2006]; People v Lopez, 85 AD3d 1641, 1642 [4th Dept 2011], lv denied 17 NY3d 860 [2011]). The court properly concluded that the People established by clear and convincing evidence that the victim's observations of defendant during the commission of the crime provided an independent basis for an in-court identification (see generally People v Marshall, 26 NY3d 495, 504 [2015]). Finally, the sentence is not unduly harsh or severe.
Entered: September 27, 2019
Mark W. Bennett
Clerk of the Court